UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUILINE MWIHAKI MATHU,

                         Plaintiff,

-against-

MONTEFIORE MEDICAL CENTER; CARMEN
AGUAS/GUZMAN; YALENA KOZIROVSKY;
SHELDON FELDMAN,

                         Defendants.

23-CV-3838 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity of citizenship jurisdiction, asserting that Defendants committed medical malpractice. By order dated May 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, who resides in the Bronx, New York, brings this action invoking the Court's diversity of citizenship jurisdiction. She sues Montefiore Medical Center; Carmen Aguas/Guzman, a mammogram technician; Yalena Kozirovsky, a doctor; and Sheldon Feldman, a breast surgeon. Plaintiff seeks injunctive relief and money damages for Defendants' alleged medical malpractice.

The following information is taken from the complaint. On October 14, 2020, Plaintiff went to a Montefiore Medical Center facility and had a mammogram done by Aguas/Guzman. During the procedure Aguas/Guzman advised Plaintiff several times that she would not live unless she had breast surgery. Plaintiff felt that Aguas/Guzman's conduct was "extremely inappropriate due to the fact that [she] had not had [her] biopsy yet and was yet undiagnosed." (ECF 1, at 6.)[1] She also felt that Aguas/Guzman "was fear-mongering and pressuring [her] towards surgery" and she did not "think it was [Aguas/Guzman's] place to push [her] towards any form of treatment because she was not an oncologist." (*Id*.)

On November 4, 2020, Plaintiff went back to the medical facility and was seen by another technician, Lew Young, who explained the biopsy procedure to Plaintiff, informing her

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

"that a 'clip' would be left in [her] breast to make the area easier to find during the surgery." (*Id.*) Plaintiff felt that "this was jumping the gun" because she had not arranged to have surgery, did not have the biopsy results, and had not yet received a "formal diagnosis." (*Id.*) Plaintiff explained to Young that, "due to [her] spiritual beliefs [she] was not comfortable with any foreign objects being placed in [her] body and that [she] would have to decline the medical procedure if it meant that [she] would have to leave a 'clip' in [her] breast." (*Id.*) After speaking to Kozirovsky, Young informed Plaintiff that Kozirovsky was willing to "make a rare exception on her behalf." (*Id.*)

Plaintiff proceeded to have the biopsy done, but once the anesthesia wore off, she experienced "intense pain and swelling at the injection site." (*Id.*) She initially thought that was normal, but three weeks later, she was still in pain and noticed a "small protrusion beneath [her] skin at the biopsy site." (*Id.*) Sometime in 2021, Plaintiff discovered that a magnet could stick to her right breast at the biopsy site, and a dosimeter revealed that her "breast was emitting and receiving different frequencies." (*Id.*) She continued to suffer "intense pain." (*Id.*).

Two days after the biopsy, the medical facility called Plaintiff about the results. She was told that she could only receive the results in person. When Plaintiff went to the facility with her daughter, a nurse told her that the results were not yet in but requested that she stay to speak to Feldman, a breast surgeon. Feldman arrived and informed Plaintiff that she had cancer. Plaintiff asked if the biopsy results had come in, and Feldman said, "No[,]but assured [her] that he is a very experienced professional and therefore he knows what he is looking at." (*Id.* at 7.) Plaintiff explained to Feldman that she could not accept the diagnosis without the test results, but Feldman proceeded to try to schedule a meeting with a "team of specialists" to start treatment planning, which would include surgery. (*Id.*) Plaintiff did not agree to the meeting.

3

Plaintiff brings this action asserting that she has "suffered medical malpractice by healthcare providers who have been willing to over step their boundaries and offer [her] medical advi[c]e without the proper credentials and information." (*Id*. at 7.) She believes that a "clip" or some other foreign object was inserted into her breast during the biopsy without her consent, which "caus[es] [her] intense pain when [she's] around radiation." (*Id*.) Plaintiff also believes that she was misdiagnosed with cancer because she has "never received follow up treatment and yet [she has] no other cancer symptoms and there has been no spread in over two years." (*Id*.) She seeks the removal of "whatever was implanted in [her] breast," "professional repr[i]mands" of the healthcare providers, and nine million dollars in damages. (*Id*.)

## DISCUSSION

The allegations of the complaint suggest that the Court lacks subject matter jurisdiction of Plaintiff's claims. Subject matter jurisdiction, simply put, is the Court's power to adjudicate a case. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Sq., Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (noting that "subject-matter delineations must be policed by the courts on their own initiative").

Plaintiff invokes the Court's diversity jurisdiction, but she does not allege facts demonstrating that the Court has jurisdiction of her claims.[2] To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

An individual is a citizen of the State where she is domiciled, which is defined as the place where a person "has [her] true fixed home . . . and to which, whenever [she] is absent, [she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

Here, Plaintiff lists addresses for herself and all of the defendants in New York and suggests that they are all citizens of New York. It therefore appears that diversity of citizenship is lacking.

---

[2] The Court does not have federal question jurisdiction of Plaintiff's claims under 28 U.S.C. § 1331. The complaint does not set forth any federal claims or otherwise assert facts suggesting that "federal law creates the cause of action or that [Plaintiff's] right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

Accordingly, the Court lacks diversity jurisdiction to consider this action, and it therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because the Court cannot say at this time that amendment would be futile, the Court, in an abundance of caution, grants Plaintiff 30 days' leave to replead her claims in an amended complaint. If Plaintiff wishes to proceed under the Court's diversity jurisdiction, she must allege facts demonstrating that she and all of the defendants are citizens of different states and that her claims are in excess of $75,000.00.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff 30 days' leave to file an amended complaint in which she alleges facts sufficient to show that the Court has diversity jurisdiction to consider this action. If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause as to why such failure should be excused, the Court will enter judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 27, 2023
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
         (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name            Middle Initial        Last Name

_____
Street Address

_____
County, City                              State              Zip Code

_____
Telephone Number                          Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
              First Name                    Last Name

              _____
              Current Job Title (or other identifying information)

              _____
              Current Work Address (or other address where defendant may be served)

              _____
              County, City              State              Zip Code

Defendant 2: _____
              First Name                    Last Name

              _____
              Current Job Title (or other identifying information)

              _____
              Current Work Address (or other address where defendant may be served)

              _____
              County, City              State              Zip Code

Defendant 3: _____
              First Name                    Last Name

              _____
              Current Job Title (or other identifying information)

              _____
              Current Work Address (or other address where defendant may be served)

              _____
              County, City              State              Zip Code

Defendant 4: _____
        First Name                Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City          State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name    Middle Initial | Last Name |
| Street Address | |
| County, City | State    Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7